■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE L. DOTY, Appellant. [699 NYS2d 761] —Yesawich Jr., J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered July 7, 1998, convicting defendant upon her plea of guilty of the crimes of burglary in the third degree and grand larceny in the fourth degree.

Charged in a superior court information with the crimes of burglary in the third degree, grand larceny in the fourth degree, scheme to defraud in the first degree and five counts of forgery in the second degree as the result of allegations that she broke into a residence and stole approximately eight credit cards which she subsequently used to purchase merchandise from various merchants, defendant pleaded guilty to grand larceny in the fourth degree and burglary in the third degree, waiving her right to appeal all issues except for sentencing. Sentenced to two concurrent one-year prison terms, defendant appeals.

We affirm. While defendant's waiver of her right to appeal does not preclude consideration of the voluntariness of her guilty plea and waiver or the effectiveness of her counsel (*see, People v Seaberg*, 74 NY2d 1, 10), these arguments are unpreserved for review for she failed to either move to withdraw her

guilty plea or to vacate the judgment of conviction (*see, People v Epps*, 255 AD2d 840).

Were we to consider the merits, we would find that defendant entered a knowing, voluntary and intelligent guilty plea and waiver and was not denied the effective assistance of counsel (*see, People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982). Although defendant stated during the plea allocution that she was taking prescription sleeping pills, County Court inquired sufficiently to enable it to ascertain whether the medication impaired her ability to comprehend the proceedings (*see, People v Fuller*, 245 AD2d 987, *lv denied* 91 NY2d 941; *People v Johnson*, 243 AD2d 997, *lv denied* 91 NY2d 927). Moreover, contrary to defendant's contention, defense counsel's statement that the medication did not interfere with her representation of defendant or hinder defendant's understanding of the plea proceedings did not render counsel ineffective.

Finally, in view of defendant's burgeoning criminal history, County Court did not abuse its discretion by rejecting the prosecutor's recommendation of probation and imposing a sentence of incarceration (*see, People v Helm*, 260 AD2d 803; *People v Fish*, 203 AD2d 828).

Mikoll, J. P., Mercure, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.