■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINETTE D. ROBERTSON, Appellant. [732 NYS2d 679] —Lahtinen, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered November 4, 1998, convicting defendant upon her plea of guilty of the crime of assault in the first degree.

In June 1997, defendant was indicted by a Rensselaer County Grand Jury for assault in the first degree and endangering the welfare of a child. The indictment resulted from defendant's admissions in oral and written statements made to a State Police investigator that, while babysitting for the then five-month-old victim, she "grabbed [the victim] by both his arms and slammed his head onto the counter" and subsequently "slammed his head into the back of the [car] seat," causing, *inter alia*, a fractured skull and a brain hemorrhage. Defendant unsuccessfully moved to suppress her oral and written statements detailing her actions, County Court finding that her statements were knowingly, intelligently and voluntarily given, and that she knowingly waived her *Miranda* rights.

Defendant's trial in April 1998 ended in a mistrial when the jury was unable to reach a verdict. Subsequently, defendant pleaded guilty to assault in the first degree and was sentenced to the bargained-for indeterminate prison term of 3 to 6 years. Despite defendant's waiver of her right to appeal as part of her plea bargain, defendant now appeals, claiming her guilty plea was not knowingly, voluntarily or intelligently entered, that her statements should have been suppressed, that she was denied effective assistance of counsel and that her sentence was harsh and excessive. We affirm.

Defendant's challenge to her guilty plea is premised solely on her claim that the plea was not knowingly, voluntarily and intelligently made because defense counsel permitted her to plead guilty to a crime that she did not commit.* Initially, we note that "[w]hile defendant's waiver of her right to appeal does not preclude consideration of the voluntariness of her guilty plea and waiver or the effectiveness of her counsel" (*People v Doty*, 267 AD2d 616, 617) on a motion to either withdraw her plea or to vacate the judgment of conviction, the

---

* In this portion of her brief defendant makes the same claim and argument regarding her waiver of her right to appeal.

absence of such a motion leaves these arguments unpreserved for our review (*see, People v Lambe*, 282 AD2d 776; *People v Ferreri*, 271 AD2d 805, *lv denied* 95 NY2d 834; *People v Doty, supra*). Nevertheless, it is clearly evident from our review of defendant's sworn comprehensive plea allocution that she had sufficient time to talk to her attorney and to members of her family prior to entering the plea, acknowledged all the rights she was relinquishing which were set forth on the record by County Court, denied anyone had threatened, coerced or forced her to enter the plea, indicated that she understood everything and did not have any questions, and recited facts constituting the crime of assault in the first degree (*see, e.g., People v Mann*, 258 AD2d 738, 739, *lv denied* 93 NY2d 900). At no time during the plea or at sentencing did defendant ever claim that she was innocent of the assault charge but, to the contrary, affirmatively stated that she was guilty. There is nothing in the record which would induce this Court to vacate what we find to be defendant's wholly voluntary guilty plea and accompanying waiver of her right to appeal.

Likewise, were we to address the merits of defendant's claim of ineffective assistance of counsel, we would find that the record reveals that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 712; *People v Baldi*, 54 NY2d 137, 151). Defense counsel's pretrial, trial and posttrial representation was appropriate and meaningful enough to prevent conviction and he produced a favorable plea bargain. Defendant's assertion that her counsel should have had her testify at the *Huntley* hearing amounts to a legitimate disagreement regarding strategy, which is insufficient to support a claim of ineffective assistance of counsel (*see, People v Rivera*, 71 NY2d 705, 709; *People v Benn*, 68 NY2d 941, 942; *People v Mateo*, 252 AD2d 821, *lv denied* 92 NY2d 927). Consequently, defendant's claim of ineffective assistance of counsel must fail under either the State standard set forth in *Benevento* and *Baldi* or the more stringent Federal standard set forth in *Strickland v Washington* (466 US 668; *see, People v Parker*, 220 AD2d 815, 816, *lv denied* 87 NY2d 1023).

Turning to defendant's challenge to the denial of her suppression motion, we note that her knowing, intelligent and voluntary waiver of her right to appeal generally bars such a claim (*see, People v Kemp*, 94 NY2d 831, 833; *People v Jennings*, 280 AD2d 697, 698). In any event, the record demonstrates that defendant's *Miranda* rights were clearly and adequately conveyed to her and that there was no confusion or lack of understanding on her part regarding those rights (*see*,

*People v Latshaw*, 123 AD2d 479, 480, *lv denied* 69 NY2d 713). Consequently, County Court properly refused to suppress her statements.

Finally, defendant's claim that her sentence was harsh and excessive is also encompassed by her waiver of her right to appeal (*see, People v Hidalgo*, 91 NY2d 733, 734; *People v Pagan*, 284 AD2d 651, 652). In any event, we are constrained to note that the record discloses no extraordinary circumstance nor abuse of discretion on the part of the sentencing court which would prompt us to reduce defendant's lenient sentence in the interest of justice (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.