■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELA M. TEAGUE, Appellant. [743 NYS2d 909] —Spain, J. Ap-

peal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered August 10, 2001, convicting defendant upon her plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

In April 2001, defendant was indicted on two counts each of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. The charges arose out of defendant's sale of cocaine to a confidential police informant. Represented by counsel, defendant entered a plea of guilty to the crime of attempted criminal sale of a controlled substance in the third degree in satisfaction of all six counts of the indictment and waived her right to appeal. In accordance with the plea agreement, defendant was sentenced to an indeterminate prison term of 2⅓ to 7 years. Defendant now appeals.

Defendant challenges the sufficiency of the plea allocution, contending that County Court failed to elicit an adequate factual recitation from her before accepting her plea. Initially, we note that while defendant's waiver of her right to appeal does not preclude this Court's review of the voluntariness of her plea, defendant's "failure to move either to withdraw the plea or to vacate the judgment of conviction generally precludes review of [her] challenge to the factual sufficiency of the plea allocution" (*People v Kemp*, 288 AD2d 635, 635; *see*, *People v Ward*, 282 AD2d 871, 872). Defendant made no statements during the colloquy which were inconsistent with her guilt, which negated an essential element of the crime or called into question the voluntariness of her plea and, thus, the narrow exception to the preservation rule is not applicable in this case (*see*, *People v Lopez*, 71 NY2d 662, 666; *People v Kemp*, *supra* at 636; *People v Ocasio*, 265 AD2d 675, 676). Nevertheless, were we to consider defendant's challenges to the adequacy of the allocution or the voluntariness of her plea, we would find they are without merit. A review of the colloquy between County Court and defendant demonstrates that both the plea and the waiver of appeal were knowing, voluntary and intelligent (*see*, *People v Martinez*, 243 AD2d 923, 924; *People v Berezansky*, 229 AD2d 768, 769-770, *lv denied* 89 NY2d 919). At the plea colloquy, the court fully informed defendant of her rights and the ramifications of pleading guilty. Defendant stated that she understood the consequences of her plea and waiver and that she was not under the influence of drugs or medication. Defendant then admitted that she had knowingly and unlawfully attempted to sell cocaine on the date charged. Given these facts, we find no basis to vacate the guilty plea.

Likewise, in light of defendant's knowing waiver of the right to appeal the sentence as part of her guilty plea, her challenge to the severity of the sentence is not preserved for our review (*see, People v Charles*, 258 AD2d 740, *lv denied* 93 NY2d 968; *People v McElhiney*, 237 AD2d 827, 828, *lv denied* 90 NY2d 861). In any event, we are unpersuaded that the sentence imposed was harsh and excessive, given defendant's prior criminal record, the nature of defendant's crime, that she received the negotiated sentence as part of a favorable plea bargain and that there are no extraordinary circumstances warranting a reduction in the interest of justice (*see, People v Mickens*, 275 AD2d 818, 819; *People v Chapman*, 273 AD2d 495, *lv denied* 95 NY2d 904).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.