■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE FULFORD, Appellant. [745 NYS2d 596] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered January 22, 2001, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted on two counts of criminal sale of a controlled substance in the third degree, three counts of criminal possession of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the seventh degree. These charges arose out of his sale of cocaine to a confidential police informant on two occasions in June 2000 and the discovery of cocaine during the execution of a valid search warrant. Defendant subsequently pleaded guilty to one count of criminal sale of a controlled substance in the third degree in full satisfaction of the indictment, and waived his right to appeal. Pursuant to the plea agreement, defendant was sentenced as a second felony offender to an indeterminate prison term of 6½ to 13 years. Defendant appeals.

Initially, we note that defendant signed a knowing, voluntary and intelligent waiver of the right to appeal which forecloses his challenges to the denial of his suppression motion and the severity of his sentence (*see, People v Hidalgo*, 91 NY2d 733, 737; *People v Wilkins*, 294 AD2d 707). Nevertheless, were we to reach these issues we would find them to be without merit. Testimony at the *Wade* hearing established that the photo array was conducted according to proper police procedure and was not unduly suggestive (*see, People v Parker*, 257 AD2d 693, 694, *lv denied* 93 NY2d 1024). In light of defendant's extensive criminal history, our review of the record discloses no abuse of discretion in the sentence imposed, nor any extraordinary circumstances which would warrant a modification (*see, People v Vazquez*, 284 AD2d 730, 730).

Furthermore, defendant's challenge to the voluntariness of his plea and the competency of counsel, while not precluded by his waiver of the right to appeal, are not preserved for our review because he failed to move to withdraw his guilty plea or to vacate the judgment of conviction (*see, People v Doty*, 267 AD2d 616, 617; *People v Millis*, 266 AD2d 581, 581, *lv denied* 94 NY2d 826). In any event, the record establishes that County Court engaged in a thorough plea colloquy with defendant, during which he acknowledged that he understood the rights he was giving up, that he had not been coerced, that he was not under the influence of medication or alcohol and that he did, in fact, sell cocaine as charged. Accordingly, we find that defendant's plea was knowing, voluntary and intelligent (*see, People v Tinkham*, 273 AD2d 619, 620, *lv denied* 95 NY2d 872; *People v Berezansky*, 229 AD2d 768, 769, *lv denied* 89 NY2d 919).

Finally, we reject defendant's contention that he received ineffective assistance of counsel. Before removing himself from the case because of a conflict, defendant's original counsel filed an extensive pretrial omnibus motion, challenging the validity of the search warrant, as well as the credibility of the confidential informant, and requesting various pretrial hearings (*see, People v Mateo*, 252 AD2d 821, 821-822, *lv denied* 92 NY2d 927). After unsuccessfully attempting to suppress the photo identification through a *Wade* hearing, defendant's new counsel secured a very favorable plea agreement, especially considering defendant's potential exposure to substantial prison time. We, therefore, conclude that defendant was afforded meaningful representation (*see, People v Ford*, 86 NY2d 397, 404; *People v Crippa*, 245 AD2d 811, 812, *lv denied* 92 NY2d 850).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.