■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT D. WHITESELL, Appellant. [749 NYS2d 183] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered April 17, 2000, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

Defendant was charged with attempted murder in the second

degree, reckless endangerment in the first degree, endangering the welfare of a child and harassment in the second degree following a domestic abuse incident. He pleaded guilty to assault in the first degree in full satisfaction of all charges and waived his right to appeal. Thereafter, he was sentenced to a determinate prison term of 8½ years, to be followed by 2½ years of postrelease supervision.

Defendant's sole argument on appeal is that his guilty plea was not knowingly, voluntarily and intelligently made. Initially, we note that while defendant's waiver of the right to appeal does not preclude him from challenging the voluntariness of the plea, his failure to move to withdraw the plea or vacate the judgment of conviction renders it unpreserved for our review (*see People v Fulford*, 296 AD2d 661, 662; *People v Robertson*, 288 AD2d 620, 620, *lv denied* 97 NY2d 760). Nevertheless, were we to consider defendant's challenge to the voluntariness of his plea, we would find it to be without merit. The record of the plea proceedings discloses that County Court fully explained to defendant the consequences of pleading guilty, including the rights he would be waiving by doing so, and defendant responded that he understood. Defendant stated that he was not pressured or coerced into entering a plea, was doing so of his own free will and proceeded to admit to strangling his girlfriend, causing her to lose consciousness. Notwithstanding defendant's attempt to attribute his decision to plead guilty to his alcoholism, he specifically told County Court that he was not under the influence of drugs or alcohol at the time of entering the plea. Moreover, defendant's claim that he was misled into believing that he would be sentenced to five years in prison is not supported by the record as County Court clearly advised defendant that he could be sentenced anywhere from a minimum of five years to a maximum of 10 years. Inasmuch as the facts indicate that the plea was knowingly, voluntarily and intelligently made, we find no reason to disturb the judgment of conviction (*see People v Teague*, 295 AD2d 813, 813; *People v Robertson, supra* at 621).

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.