■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TERRY, Appellant. [751 NYS2d 629] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered March 13, 2001, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant was charged in two indictments with two counts of burglary in the second degree and two counts of grand larceny in the fourth degree. In full satisfaction of both indictments, defendant pleaded guilty to attempted burglary in the second degree and executed a written waiver of the right to appeal. In connection with the plea, County Court agreed to impose a sentence of four years in prison and defendant signed a *Parker* admonishment in which he acknowledged that if he violated the law prior to sentencing, County Court was free to impose any lawful sentence. At sentencing, County Court was advised that defendant had violated an order of protection prohibiting him from contacting the victims. Consequently, the court declined to abide by the sentencing promise and imposed an enhanced sentence of 5½ years in prison. Defendant now appeals.

Initially, defendant contends that his guilty plea was not entered knowingly, voluntarily or intelligently because he did not sufficiently articulate the factual elements of the crime. We find this argument unpersuasive. "Whatever factual deficiencies may be claimed by defendant, it is now well settled that where a defendant pleads guilty to a lesser crime than that charged in the indictment, a factual basis for such plea is not necessary" (*People v Santmyer*, 283 AD2d 718, 718 [citation omitted]). Additionally, our review of the transcript of the plea proceedings discloses that County Court adequately informed defendant of the rights he would be relinquishing by pleading guilty and defendant indicated he understood them. He also indicated that he was not coerced into entering the plea. Consequently, we find that the plea was knowing, voluntary and intelligent (*see People v Teague*, 295 AD2d 813; *People v Lopez*, 295 AD2d 701).

Defendant further asserts that he was denied the effective assistance of counsel because his attorney failed to file a timely

notice of alibi on his behalf. However, inasmuch as this claim does not impact on the voluntariness of the plea, defendant has waived it by his knowing, voluntary and intelligent guilty plea (*see People v Clifford*, 295 AD2d 697, *lv denied* 98 NY2d 709; *People v Wilson*, 290 AD2d 589). In any event, were we to address it, we would find that defendant was provided meaningful representation inasmuch as he " 'receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Lynn*, 295 AD2d 753, 754, quoting *People v Ford*, 86 NY2d 397, 404).

Defendant also argues that the enhanced sentence was harsh and excessive. Given that defendant executed a written waiver of his right to appeal the sentence as part of his plea, his challenge to the severity of the sentence is not preserved for our review (*see People v Hidalgo*, 91 NY2d 733, 737; *People v Teague, supra* at 815). Nevertheless, were we to consider defendant's argument, we would find it to be without merit. Since defendant did not abide by the terms of the *Parker* admonishment, County Court was free to impose the enhanced sentence (*see People v Covell*, 276 AD2d 824; *People v Perham*, 263 AD2d 766, *lv denied* 93 NY2d 1045). In addition, given the nature of the crime and defendant's extensive criminal record, we find no abuse of discretion or extraordinary circumstances warranting modification of the sentence in the interest of justice (*see People v Teague, supra* at 815).

Finally, defendant argues that County Court's failure to advise him of the five-year statutorily mandated postrelease supervision requires that his sentence be vacated and that he be permitted to withdraw his plea. Although this omission would normally require that defendant be provided an opportunity to withdraw his plea (*see People v Brown*, 294 AD2d 751, 752; *People v Jachimowicz*, 292 AD2d 688, 689), in this case, defendant lost the "benefit of the bargain" when he failed to abide by the *Parker* admonishment. Consequently, County Court's failure to advise defendant of the period of postrelease supervision does not require that we invalidate the sentence.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.