■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SAMPSON, Appellant. [752 NYS2d 905] —Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered May 2, 2000, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

The record demonstrates that, in full satisfaction of various drug-related charges, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree. He executed a waiver of his right to appeal and was sentenced to an agreed-upon prison term of 4 to 12 years. Defendant contends that his guilty plea was not voluntarily made and the sentence imposed was unduly harsh and excessive.

Initially, we note that, while defendant's challenge to the voluntariness of his plea survives a waiver of his right to appeal, his failure to move to withdraw his plea or to vacate the judgment renders it unpreserved for our review (*see People v Fulford*, 296 AD2d 661, 662). In any event, the transcript of the plea proceedings demonstrates that County Court fully explained the rights being surrendered by his guilty plea and defendant acknowledged the relinquishment of those rights. He stated that his mind was clear and he had not consumed any alcohol or taken medication. At that same time, defendant also indicated that he was not being coerced to enter the plea and had, in fact, sold cocaine. Accordingly, were we to reach the merits, we would find that defendant's plea was voluntary (*see People v Teague*, 295 AD2d 813, 814; *People v Richardson*, 295 AD2d 763, 764).

Furthermore, since defendant waived his right to appeal as part of his guilty plea, his assertion that the agreed-upon sentence was harsh and excessive is also unpreserved for our review (*see People v Wyche*, 289 AD2d 870, 870; *People v Church*, 287 AD2d 788, 788-789, *lv denied* 97 NY2d 680). Nevertheless, were the merits before us, given defendant's past involvement in drug activity, the fact that the agreed-upon sentence was the result of a beneficial plea bargain and the absence of extraordinary circumstances or an abuse of judicial discretion, we would find a modification in the sentence is not warranted (*see People v Bell*, 290 AD2d 729, 730; *People v David*, 263 AD2d 615, 615).

Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.

