■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER E. ALLEN, Appellant. [754 NYS2d 105] —Mercure, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered December 19, 2001, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was charged, by a 12-count indictment, with multiple counts of burglary and larceny stemming from a series of burglaries in the Towns of Mohawk and Palatine in Montgomery County. During an appearance in County Court, defendant declined an initial plea offer and instead requested that new counsel be assigned. County Court refused defendant's request and defendant's assigned counsel made an oral pretrial motion for, inter alia, a combined *Huntley / Mapp / Sandoval* hearing. At the beginning of the subsequent suppression hearing, defendant again requested the assignment of new counsel. However, at the conclusion of that hearing, but prior to County Court's decision on either the suppression motion or defendant's request for new counsel, defendant entered a plea of guilty to

one count of burglary in the second degree in full satisfaction of the indictment and executed a written waiver of his right to appeal. County Court rejected defendant's subsequent pro se motion to withdraw his guilty plea because he was represented by counsel at that time. Defendant was sentenced as a second felony offender, in accordance with the original plea agreement, to a determinate 10-year prison term.

On this appeal, defendant challenges the voluntariness of his guilty plea, contending that he entered the plea because, inter alia, he feared going to trial if represented by his assigned counsel. Defendant stated, at various points during the lengthy plea colloquy, that he was not guilty, his legal representation had been inadequate, he feared going to trial and he had no choice but to enter a plea of guilty. The record, however, reveals that County Court made clear to defendant that he was not required to enter a guilty plea and could instead proceed to trial. Prior to accepting defendant's plea, County Court ascertained that defendant understood the nature of his plea, including the rights he was relinquishing as a result of the plea, that no one had coerced him to enter the plea and he was thinking clearly at the time of his allocution. Further, in that allocution, defendant admitted committing acts satisfying each element of the crime of burglary in the second degree (*see* Penal Law § 140.25 [2]) and, in fact, corrected the court as to a key detail of the crime. Accordingly, we conclude that defendant's plea colloquy evidenced a knowing, voluntary and intelligent plea (*see People v Ford*, 86 NY2d 397, 403; *People v Batcher*, 291 AD2d 581, 582; *People v Ferreri*, 271 AD2d 805, 805, *lv denied* 95 NY2d 834).

To the extent that defendant's claim of ineffectiv⌐ assistance of counsel survives the waiver of his right to appeal (*see People v Ferguson*, 192 AD2d 800, 800, *lv denied* 82 NY2d 717), in light of the extremely favorable plea agreement, which significantly reduced defendant's sentencing exposure, and counsel's success in convincing County Court to delay sentencing so that defendant could complete a drug and alcohol treatment program, we cannot conclude that defendant's counsel provided less than meaningful representation or otherwise prejudiced defendant (*see Strickland v Washington*, 466 US 668; *People v Ford*, *supra* at 404-405; *People v Crippa*, 245 AD2d 811, 812, *lv denied* 92 NY2d 850). Finally, defendant's claim that his sentence is harsh and excessive was encompassed by his knowing, voluntary and intelligent waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737; *People v Peters*, 299 AD2d 663, 663; *People v Fulford*, 296 AD2d 661, 661) and,

in any event, we see no extraordinary circumstances warranting modification of his sentence in the interest of justice (*see People v Coleman [Johnson]*, 296 AD2d 766, 768, *lvs denied* 99 NY2d 534, 536; *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.