■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE BARNES, Appellant. [753 NYS2d 760] —Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 23, 1998 in Albany County, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree and criminal contempt in the first degree.

Defendant was charged in a four-count indictment with crimes stemming from, among other things, his unlawful nighttime entry of the residence of his ex-girlfriend in which he also violated an order of protection issued in her favor. In full satisfaction of the indictment, he pleaded guilty to attempted burglary in the second degree and criminal contempt in the first degree and waived his right to appeal. In accordance with the plea agreement, he was sentenced as a second felony offender to a determinate prison term of $3^{1/2}$ years on the burglary conviction and an indeterminate prison term of 2 to 4 years on the contempt conviction, to run concurrently. Defendant now appeals.

Defendant's sole contention is that his guilty plea was not knowingly, voluntarily and intelligently entered. While defendant's waiver of his right to appeal does not preclude him from raising this claim, his failure to make a motion to withdraw his plea or vacate the judgment of conviction renders it unpreserved (*see People v Whitesell*, 299 AD2d 654; *People v Teague*, 295 AD2d 813, 814, *lv denied* 98 NY2d 772). Nevertheless, were we to consider it, we would find it to be without merit. A review of the record reveals that Supreme Court thoroughly and extensively apprised defendant of the rights he was foregoing by pleading guilty, as well as the ramifications of pleading guilty, which he indicated he understood. He further stated that he was not under the influence of drugs or alcohol, was entering the plea of his own free will, had not been coerced or threatened and was satisfied with the services of his attorney. Defendant proceeded to admit to attempting to enter the residence of his ex-girlfriend with the intent to com-

mit a crime and, by doing so, violating an order of protection, and also to previously leaving a threatening message on her voice mail intending to place her in fear. In view of the foregoing, we find that the plea was knowing, voluntary and intelligent (*see People v Sampson*, 301 AD2d 677; *People v King*, 299 AD2d 661; *People v Teague, supra*).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.