■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. McCANN, Appellant. [756 NYS2d 337] —Carpinello, J. Appeal from a judgment of the County Court of Rensselaer County (Czajka, J.), rendered April 13, 2001, convicting defendant upon his plea of guilty of the crimes of criminal contempt in the first degree (three counts) and harassment in the second degree.

A four-count indictment was handed up against defendant charging him with three counts of criminal contempt in the first degree and harassment in the second degree stemming from repeated telephone calls to his estranged wife in violation of an order of protection prohibiting such contact. Statements made by defendant during one of such calls were threatening in nature (i.e., defendant threatened to blow up his wife's house while she and her young child were in it). Defendant thereafter pleaded guilty to all counts.* Although defense counsel and the People jointly recommended that defendant be sentenced to $1^1/_2$ to 3 years in prison, County Court made clear to defendant during the plea proceeding that, "in spite of the agreement that the District Attorney * * * made with [his] attorney, [the court] was not promising [him] anything" in terms of sentencing. Indeed, the court specifically advised defendant of the possibility that consecutive four-year prison terms could be

---

* In exchange for pleading guilty, a probation violation proceeding was dismissed against defendant.

imposed on two of the counts. Armed with this knowledge, defendant nevertheless opted to plead guilty. Sentenced to an aggregate prison term of 3 to 6 years, he now appeals.

Having failed to move to withdraw the plea or vacate the judgment of conviction, defendant's challenges to the voluntariness of his plea and competency of counsel are unpreserved for this Court's review (*see People v Whitesell*, 299 AD2d 654 [2002]; *People v Fulford*, 296 AD2d 661, 662 [2002]; *People v Lopez*, 295 AD2d 701 [2002]; *People v Pelton*, 289 AD2d 697 [2001], *lv denied* 97 NY2d 732 [2002]). Were we to consider these challenges, we would find each to be without merit. The record of the plea proceeding reveals that County Court adequately advised defendant of all relinquished rights in pleading guilty, which defendant indicated he understood. We are particularly unpersuaded by defendant's claim that neither County Court nor his attorney addressed obvious "questions" he had about the plea thus rendering it involuntary. While defendant made some innocuous comments in answering a few of the questions posed by County Court, the court readily refocused defendant to the matter at hand and then, at the conclusion of all questions and answers, gave him the opportunity to ask any questions of the court or his attorney. At this time, defendant responded that he had no questions. Under these circumstances, we would find no reason to disturb the judgment of conviction on the ground of an involuntary plea or ineffective assistance of counsel.

Next, we are equally unpersuaded by defendant's claim that the sentence was improper because it exceeded that which was requested by the People and contemplated by him. As an initial matter, we find this issue is also unpreserved for review by virtue of defendant's failure to make a motion to withdraw his plea or vacate the judgment (*see People v Tuper*, 256 AD2d 636 [1998]; *People v Hartford*, 217 AD2d 798, 800 [1995]). In any event, prior to pleading guilty, defendant was fully apprised of County Court's position on this issue, namely, that the court was not "a party to any plea bargain or plea sentence agreement" between defense counsel and the People, that the court was making no promises concerning sentencing and that consecutive sentences were a possibility (*see id.*). Under these circumstances, County Court was under no obligation to sentence defendant in accordance with the agreement, and we find no reason to disturb the sentence actually imposed (*see People v Trabakoulos*, 261 AD2d 651 [1999]).

Defendant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.