(March 13, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA ANGUS, Appellant. [755 NYS2d 335] —Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 27, 2000, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree, and revoking her probation and imposing a term of imprisonment.

After withdrawing money from another individual's bank account using a forged instrument, defendant pleaded guilty to grand larceny in the third degree. She also pleaded guilty to violating the terms of probation imposed in connection with another felony conviction. As part of the plea, she waived her right to appeal. Defendant's probation was revoked and she was sentenced in accordance with the plea agreement to consecutive prison terms of 1²/₃ to 5 years on the grand larceny conviction and 1 to 3 years on the probation violation. She now appeals.

Initially, while not precluded by the waiver of her right to appeal, defendant's challenge to the voluntariness of the plea is not preserved for our review inasmuch as she did not move to withdraw her plea or vacate the judgment of conviction (*see People v Sampson*, 301 AD2d 677 [2003]; *People v Whitesell*, 299 AD2d 654 [2002]). On the record before us, the narrow exception to the preservation requirement is inapplicable (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Teague*, 295 AD2d 813, 814 [2002], *lv denied* 98 NY2d 772 [2002]). In any event, were we to address defendant's claim, we would find it to be without merit. The minutes of the plea proceedings disclose that County Court fully informed defendant of the ramifications of pleading guilty and defendant responded that she understood them. Contrary to defendant's claim, there is no indication that she was pressured or coerced into entering her plea as she specifically told County Court that no one had threatened or forced her and she was entering the plea of her

own free will. Therefore, we find that the plea and accompanying waiver were knowing, voluntary and intelligent (*see e.g. People v Sampson, supra; People v Teague, supra* at 814).

Defendant's knowing, voluntary and intelligent waiver of her right to appeal encompasses her challenge to the severity of the sentence (*see People v Loadholt*, 294 AD2d 751 [2002], *lv denied* 98 NY2d 711 [2002]; *People v Grant*, 294 AD2d 671, 672 [2002], *lv denied* 98 NY2d 730 [2002]). Nevertheless, were we to consider it, we would find that the sentence is not harsh or excessive given defendant's criminal record, her commission of the crime while on probation and the absence of any abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Teague, supra* at 815).

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.