■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONI DE BERARDINIS, Appellant. [757 NYS2d 641] —Cardona, P.J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 19, 2001, convicting defendant upon her plea of guilty of the crimes of forgery in the second degree and driving while intoxicated.

In satisfaction of a six-count indictment, defendant pleaded guilty to forgery in the second degree and driving while intoxicated. She waived her right to appeal and was sentenced, in accordance with a plea agreement, to concurrent prison terms of 3 to 6 years on the forgery conviction and 1 to 3 years on the driving while intoxicated conviction.

Initially, even though not precluded by her waiver of the right to appeal, defendant's challenge to the voluntariness of her guilty plea is not preserved for our review because she failed to move to withdraw the plea or vacate the judgment of conviction (*see People v Whitesell*, 299 AD2d 654 [2002]; *People v Fulford*, 296 AD2d 661, 662 [2002]). In any event, were we to address that claim, we would find it without merit. The transcript of the plea proceedings discloses that defendant was fully apprised of the consequences of pleading guilty, including the rights she would be relinquishing by doing so, and indicated that she understood them. She stated that she was not under the influence of drugs or alcohol and was pleading guilty of her own free will. Defendant further acknowledged that she was satisfied with the services of her attorney. She admitted to facts establishing driving while intoxicated and falsifying a public document while at the police station. Under all the circumstances, we find that the plea and waiver were knowing, voluntary and intelligent (*see People v Sampson*, 301 AD2d 677 [2003]; *People v Teague*, 295 AD2d 813, 814 [2002], *lv denied* 98 NY2d 772 [2002]).

Additionally, we disagree with defendant's argument that her attorney's failure to make a suppression motion deprived her of the effective assistance of counsel. To the extent that such a claim impacts the voluntariness of a plea, it will survive a waiver of the right to appeal provided it is preserved by a motion to withdraw the plea or vacate the judgment (*see People v Clifford*, 295 AD2d 697 [2002], *lv denied* 98 NY2d 709 [2002]). As noted, defendant made no such motion. In any event, after considering County Court's explanation to defendant that she was giving up her right to a suppression hearing by pleading guilty and her acknowledgment of same, it is clear that her attorney's decision not to pursue a suppression hearing "had no impact upon the knowing and voluntary nature of [her] plea" (*id.* at 698). Moreover, defense counsel's decision in that regard, standing alone, does not establish ineffective assistance of counsel (*see id.* at 698; *People v Longshore*, 222 AD2d 941, 942 [1995], *lv denied* 88 NY2d 850 [1996]). Notwithstanding that point of law, we note that defendant failed to advance any argument warranting suppression (*see People v Clifford, supra*; *People v Vecchio*, 228 AD2d 820 [1996]).

Furthermore, this record reveals that defendant received meaningful representation under both the state and federal standards (*see Strickland v Washington*, 466 US 668, 687-690 [1984]; *People v Baldi*, 54 NY2d 137, 147 [1981]). " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Lind*, 298 AD2d 765, 766 [2002], quoting *People v Ford*, 86 NY2d 397, 404 [1995]). Here, defendant received a favorable plea bargain which included a concurrent sentence.

Finally, defendant's waiver of the right to appeal also precludes her challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733 [1998]; *People v Ackerley*, 297 AD2d 861, 862 [2002], *lv denied* 99 NY2d 554 [2002]; *People v Wade*, 297 AD2d 877, 877 [2002]). Nevertheless, we find no abuse of County Court's sentencing discretion nor any extraordinary circumstances warranting modification of the sentence in the interest of justice.

Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.