■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ANDERSON, Appellant. [756 NYS2d 916] —Rose, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered June 5, 1998, convicting defendant upon his plea of guilty of the crimes of assault in the second degree (two counts) and endangering the welfare of a child (two counts).

After his arrest on charges stemming from the mistreatment of his children, defendant waived indictment and agreed to be prosecuted by superior court information. Although a plea agreement was reached whereby defendant would enter *Alford* pleas to certain of the charges and allocute to the remaining charges in exchange for a sentence recommendation of six months' incarceration and five years' probation, County Court deemed defendant's allocution insufficient and refused to accept his guilty pleas. At a subsequent proceeding, defendant waived his right to appeal and entered *Alford* pleas to all pending charges. Sentencing was adjourned to permit a new sentencing agreement to be reached at the court's behest, and defendant was later sentenced in accordance with that agreement to concurrent prison terms of 1½ to 3 years on his two convictions of assault in the second degree and concurrent prison terms of one year on his two convictions of endangering the welfare of a child. Defendant appeals.

Initially, we note that defendant's failure to make a motion to withdraw his guilty plea or to vacate the judgment of conviction renders his challenge to the voluntariness of his plea unpreserved (*see People v Barnes*, 302 AD2d 623 [2003]; *People v Fulford*, 296 AD2d 661, 662 [2002]; *People v Doty*, 267 AD2d 616, 617 [1999]). In any event, the record reflects that County

Court ascertained that defendant understood the nature and consequences of his *Alford* pleas, including the rights being waived, was not impaired and had not been coerced into entering the plea. Accordingly, we conclude that defendant's plea was knowing, voluntary and intelligent.

We reject defendant's claim of ineffective assistance of counsel. While defendant claims that counsel misled him regarding his sentencing exposure, the record reflects that defendant was sentenced in accordance with a sentencing agreement negotiated between the parties. As regards defendant's related claim that counsel failed to investigate possible defenses, based on the limited record before us (*see People v Jones*, 55 NY2d 771, 773 [1981]; *People v Gregory*, 290 AD2d 810, 811 [2002], *lv denied* 98 NY2d 675 [2002]), we conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant's claim that County Court should have recused itself was waived in the course of defendant's knowing and voluntary guilty plea (*see People v Palermo*, 301 AD2d 957, 957 [2003]; *People v Lanahan*, 276 AD2d 906, 909 [2000], *lv denied* 95 NY2d 965 [2000]) and, in any event, is without merit (*see Matter of Murphy v Ulster County*, 82 NY2d 491, 495 [1993]). Finally, defendant's claim that his sentence is harsh and excessive was also encompassed by his waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Fulford, supra*) and we see no extraordinary circumstances warranting modification of his sentence in the interest of justice (*see People v Coleman*, 296 AD2d 766, 768 [2002], *lv denied* 99 NY2d 534 [2002]; *People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.