■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ALEXANDER, Appellant. [758 NYS2d 844] —Crew III, J.P.

Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered May 10, 2000, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted and charged with seven counts of criminal sale of a controlled substance in the third degree, which allegedly occurred at various locations in and around the Village of Ellenville, Ulster County, in 1999. Defendant pleaded guilty to one count of the indictment in full satisfaction thereof and, in accordance with a plea agreement, was sentenced to an indeterminate term of imprisonment of 4 to 12 years. Defendant appeals.

Initially, we reject defendant's challenge to the voluntariness of his plea. Inasmuch as defendant failed to move to withdraw his plea or to vacate the judgment of conviction, he has not preserved this issue for our review (*see People v Barnes*, 302 AD2d 623, 623 [2003]; *People v Fulford*, 296 AD2d 661, 662 [2002]). Were we to consider defendant's challenge, we would find it without merit. While the record reflects, as defendant claims, that he was unable to recall the specific sale to which he allocuted, he admitted making numerous cocaine sales, including one sale in Ulster County on the date alleged in the count of the indictment to which he pleaded guilty.

We likewise reject defendant's assertion that County Court erred in failing to assign new counsel and that his trial counsel failed to provide him with meaningful representation. Defendant did not demonstrate good cause for the requested substitution of assigned counsel (*see People v Sides*, 75 NY2d 822, 824 [1990]) and, in light of the extremely advantageous plea bargain, we cannot say that defendant received less than meaningful representation (*see People v Allen*, 301 AD2d 874, 875 [2003]).

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.