■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MILLER, Appellant. [760 NYS2d 911] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered October 30, 2001, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant was charged in an eight-count indictment with various drug-related crimes. He pleaded guilty to criminal possession of a controlled substance in the second degree in full

satisfaction of the indictment and executed a written waiver of his right to appeal. Thereafter, he was sentenced in accordance with the plea agreement to four years to life in prison. He now appeals.

Defense counsel seeks to be relieved of representing defendant on the basis that there are no nonfrivolous issues that may be raised on appeal. Defendant, however, has filed a pro se brief raising issues of the voluntariness of the plea, the effectiveness of counsel and the severity of the sentence. Initially, we note that defendant's challenges to the voluntariness of the plea and the effectiveness of counsel are not preserved for our review given defendant's failure to move to withdraw the plea or vacate the judgment of conviction (*see People v De Berardinis,* 304 AD2d 914 [2003]; *People v Angus,* 303 AD2d 829, 829 [2003]). His challenge to the severity of the sentence is likewise precluded by his knowing, voluntary and intelligent waiver of the right to appeal (*see People v Young,* 302 AD2d 798, 799 [2003]). In any event, were we to address the merits of these claims, we would find no "arguable merit" warranting the assignment of new counsel to pursue such issues on appeal (*cf. People v Gilliam,* 281 AD2d 657, 657 [2001]; *People v Espino,* 279 AD2d 798, 801 [2001]). Consequently, the judgment is affirmed and defense counsel's application for leave to withdraw is granted (*see People v Cruwys,* 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes,* 95 NY2d 633 [2001]).

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.