■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANYTA JEFFERSON, Appellant. [761 NYS2d 546] —Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 17, 2001, convicting defendant upon her plea of guilty of two counts of the crime of forgery in the second degree.

After extensive negotiations, a plea offer was extended to defendant whereby she would plead guilty to two counts of forgery in the second degree in satisfaction of two multicount indictments and be sentenced to concurrent terms of 3½ to 7 years in prison. After questioning defendant and advising her of the consequences of a guilty plea, County Court accepted her plea and subsequently imposed the agreed-upon sentence.

Defendant's sole contention on this appeal is that her plea was not knowing, voluntary or intelligent. Initially, we note that inasmuch as defendant did not move to withdraw the plea or vacate the judgment of conviction, she is precluded from now challenging the voluntariness of the plea (*see People v De Berardinis*, 304 AD2d 914, 915 [2003]; *People v Barnes*, 302 AD2d 623, 623 [2003], *lv denied* 99 NY2d 652 [2003]). In any event, were we to consider defendant's claim, we would find it without merit. Defendant argues that her guilty plea was not voluntarily made because, in the course of an earlier, unsuccessful plea allocution involving one of the subject indictments, County Court intimidated her when it refused to accept the plea and terminated the proceedings after defendant stated on the record that she did not have adequate time to consider the plea offer. Contrary to defendant's argument, there is nothing in this record supporting a conclusion that County Court "coerced" her later plea by doing so. The transcript of the second plea colloquy discloses that County Court went to great lengths to ascertain that defendant understood her rights and defendant's responses were appropriate. Under all the circumstances, defendant's plea was knowing, voluntary and intelligent (*see People v Sampson*, 301 AD2d 677, 677 [2003]; *People*

*v Teague*, 295 AD2d 813, 814 [2002], *lv denied* 98 NY2d 772 [2002]).

Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.