Mugglin, J.
Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered June 6, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant’s plea to criminal possession of a controlled substance in the fifth degree was entered in full satisfaction of a multiple count indictment alleging sale of heroin to an undercover officer. As part of the plea bargain, defendant waived his right to appeal and the People agreed to recommend a prison sentence of 2 to 6 years with diversion to a drug treatment program. Despite a Parker admonition, defendant abandoned *719 the residential drug program and failed to appear for sentencing. Defendant was sentenced in absentia to the promised period of imprisonment. Defendant appeals, contending that his plea was not voluntary, that he did not receive the effective assistance of counsel and that the sentence was excessive.
We affirm. Inasmuch as defendant failed to move to withdraw his plea or otherwise vacate the judgment of conviction, any attack on the voluntariness of the plea is unpreserved (see People v De Berardinis, 304 AD2d 914, 915 [2003], lv denied 100 NY2d 580 [2003]; People v McCann, 303 AD2d 780, 781 [2003], lv denied 100 NY2d 584 [2003]; People v Camp, 302 AD2d 629, 630 [2003], lv denied 100 NY2d 593 [2003]; People v Teague, 295 AD2d 813, 814 [2002], lv denied 98 NY2d 772 [2002]). Were we to reach defendant’s argument concerning the entry of his plea, we would find it unpersuasive since the record clearly supports the conclusion that the plea was knowingly, intelligently and voluntarily entered (see People v Smith, 305 AD2d 853, 854 [2003], lv denied 100 NY2d 624 [2003]; People v Sampson, 301 AD2d 677 [2003]; People v Keyes, 300 AD2d 909, 909-910 [2002]; People v Fulford, 296 AD2d 661, 662 [2002]).
Next, many of the alleged failings defendant points to as supporting his claim of ineffective assistance of counsel relate to sentencing, not to the voluntariness of the plea, and are precluded by his waiver of appeal (see People v De Berardinis, supra at 915; People v Camp, supra at 630). Further, failure of defendant’s attorney to persuade County Court to impose a lighter sentence (particularly in view of defendant’s abandonment of the drug treatment program and his disappearance prior to sentencing) does not constitute ineffectiveness (see People v Smith [Jones] [Tree], 300 AD2d 745, 746 [2002], lvs denied 99 NY2d 616, 620 [2003]).
Finally, any challenge to the sentence as excessive is precluded by defendant’s waiver of appeal (see People v Rea, 305 AD2d 802 [2003]). He waived his right to be considered for youthful offender treatment by failing to request it and, given the totality of defendant’s conduct, no basis exists upon which to exercise our interest of justice powers to consider the issue now (see People v McGowen, 42 NY2d 905, 906 [1977]; People v Richardson [Cheeks], 295 AD2d 704, 704 [2002], lvs denied 98 NY2d 709, 713 [2002]; People v Chaplin, 178 AD2d 685 [1991], lv denied 79 NY2d 945 [1992]).
Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.