■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD J. WARD, Appellant. [768 NYS2d 850]—

Cardona, P.J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 23, 2002, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

Defendant pleaded guilty to the crime of sodomy in the first degree (*see* Penal Law § 130.50 [3]) in satisfaction of a superior court information alleging that, sometime in October or November 2000, he engaged in deviate sexual intercourse with a child less than 11 years old. As part of the plea agreement, defendant waived his right to appeal and was sentenced to 18 years in prison.

Initially, even though not precluded by his waiver of the right to appeal, we find defendant's challenge to the voluntariness of his plea to be unpreserved for our review inasmuch as he failed to move to withdraw the plea or vacate the judgment of conviction (*see People v Shaw*, 306 AD2d 697 [2003]; *People v De Berardinis*, 304 AD2d 914, 915 [2003], *lv denied* 100 NY2d 580 [2003]). The narrow exception to the preservation rule is not applicable here since a review of defendant's factual recitation during the plea colloquy, wherein he admits the charged conduct, does not reveal anything that casts significant doubt as to his guilt (*see People v Angus*, 303 AD2d 829 [2003], *lv denied* 100 NY2d 536 [2003]; *People v Camp*, 302 AD2d 629, 630 [2003], *lv denied* 100 NY2d 593 [2003]; *People v Keyes*, 300 AD2d 909, 909-910 [2002]).

Were we to address the merits of defendant's claim, we would find it unavailing. Defendant contends that his guilty plea was not knowingly, voluntarily or intelligently entered because he was not informed of the rights he was waiving and was denied the effective assistance of counsel. The plea colloquy belies both allegations. He clearly stated his understanding of the rights he was not exercising by pleading guilty and also expressed his satisfaction with the services of his counsel. Nevertheless, defendant now maintains that his counsel was ineffective because he failed to move to suppress his confession. However, the failure to request a suppression hearing does not, without more, establish a claim of ineffective assistance of counsel (*see People v Soc-*

*rates*, 307 AD2d 546, 547 [2003]). Notwithstanding the absence of a suppression motion, it is well settled that "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Benjamin*, 296 AD2d 666, 668 [2002]). Under the circumstances herein, our review indicates that defendant received effective representation.

Finally, we note that defendant's waiver of the right to appeal also encompasses his challenge to the severity of the sentence (*see People v Rea*, 305 AD2d 802, 802 [2003], *lv denied* 100 NY2d 586 [2003]; *People v De Berardinis, supra* at 916). In any event, were the issue properly before us, we would find no abuse of County Court's discretion in imposing the negotiated sentence nor any extraordinary circumstances warranting modification of the sentence in the interest of justice (*see People v De Berardinis, supra* at 916).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.