■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHONECIA DAVIS, Appellant. [770 NYS2d 914]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered October 7, 2002, convicting defendant upon her plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

Defendant was indicted on six counts involving the criminal possession and sale of a controlled substance after selling crack cocaine on two separate occasions. Following jury selection at trial, defendant pleaded guilty to four of the charges—two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree—and County Court subsequently sentenced her to consecutive pairs of concurrent terms of 5 to 15 years in prison on the two counts relating to the first sale and two counts relating to the second sale, aggregating 10 to 30 years in prison. Defendant appeals, arguing that her guilty plea was not knowingly, voluntarily and intelligently entered, she did not receive the effective assistance of counsel and the sentence imposed was harsh and excessive.

Defendant's challenge to her plea is unpreserved for our review by her failure to move to either withdraw her guilty plea or vacate the judgment of conviction (*see People v De Berardinis*, 304 AD2d 914, 915 [2003], *lv denied* 100 NY2d 580 [2003]; *People*

*v Camp*, 302 AD2d 629, 630 [2003], *lv denied* 100 NY2d 593 [2003]). In any event, the record shows that, at the plea allocution, County Court made a careful and thorough inquiry as to the circumstances of defendant's plea, and confirmed her understanding of the charges and the rights she would be relinquishing. The colloquy between the court and defendant also demonstrated that her guilty plea was freely and knowingly given without coercion (*see People v Harris*, 293 AD2d 818, 818-819 [2002], *lv denied* 98 NY2d 676 [2002]; *People v Bolden*, 289 AD2d 607, 609 [2001], *lv denied* 98 NY2d 649 [2002]). Although defendant's choice was to either plead guilty or proceed immediately to trial, that predicament did not render her plea involuntary or unknowing (*see e.g. People v McDonnell*, 302 AD2d 619, 619-620 [2003], *lv denied* 100 NY2d 540 [2003]).

We are also unpersuaded by defendant's claim that she received ineffective assistance of counsel. She was afforded meaningful representation and, under the circumstances, she was well-advised to plead guilty, avoid trial and rely on County Court's discretion to impose a sentence less than that sought by the People (*see People v Ford*, 86 NY2d 397, 404 [1995]).

Finally, we reject defendant's argument that the sentences imposed were harsh and excessive and should all run concurrently. Defendant was sentenced to prison terms less than the statutory maximums for class B felonies and the consecutive terms were imposed for criminal activity on two distinctly separate occasions. In light of this, as well as defendant's lengthy criminal history, we find no abuse of County Court's discretion. Nor do we find extraordinary circumstances warranting a reduction in the interest of justice (*see People v Teague*, 295 AD2d 813, 815 [2002], *lv denied* 98 NY2d 772 [2002]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.