■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP RUSSO, Appellant. [778 NYS2d 734]—

Crew III, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 14, 2002, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

Defendant pleaded guilty to attempted robbery in the second degree in full satisfaction of an indictment charging him with robbery in the second degree and two counts of burglary in the second degree. As part of such plea, defendant waived his right to appeal. Thereafter, he was sentenced in accordance with the plea agreement to a prison term of six years, to be followed by a five-year period of postrelease supervision. Defendant now appeals.

Initially, while not precluded by his waiver of the right to appeal, defendant's challenge to the voluntariness of his plea is not preserved for our review inasmuch as he failed to make a motion to withdraw the plea or to vacate the judgment of conviction (*see People v Ward*, 2 AD3d 1219 [2003]; *People v De Berardinis*, 304 AD2d 914, 915 [2003], *lv denied* 100 NY2d 580 [2003]). Nevertheless, if we were to consider defendant's claim, we would find it to be without merit. The plea minutes disclose that County Court adequately apprised defendant of the ramifications of pleading guilty, including the rights that he would be relinquishing thereby. Defendant advised the court that he had discussed the matter with his attorney, with whom he was satisfied, and understood the consequences of the plea.

He further stated that he was not coerced or threatened to enter the plea. Under these circumstances, we find that the plea was knowing, voluntary and intelligent (*see People v Anderson*, 304 AD2d 975, 976 [2003], *lv denied* 100 NY2d 578 [2003]; *People v King*, 299 AD2d 661, 662 [2002], *lv denied* 99 NY2d 583 [2003]).

To the extent that defendant's claim of ineffective assistance of counsel impacts the voluntariness of the plea, it is not encompassed by his waiver of the right to appeal but is nevertheless unpreserved due to defendant's failure to move to withdraw the plea or vacate the judgment of conviction (*see People v De Berardinis, supra* at 915; *People v Camp*, 302 AD2d 629, 630 [2003], *lv denied* 100 NY2d 593 [2003]). Again, if we were to consider his claim in the interest of justice (*see People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]), we would find it to be unavailing.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.