■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES E. BOWMAN III, Respondent. [823 NYS2d 604]—

Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered July 28, 2005, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and criminal possession of a weapon in the third degree.

By two consolidated indictments, defendant was charged with murder in the second degree, criminal possession of a controlled substance in the third degree and various counts of criminal possession of a weapon in the second and third degrees stemming from the October 14, 2004 shooting death of Lamont Faulks and defendant's possession of drugs and a loaded firearm upon being arrested for the murder. Just prior to trial and immediately following County Court's *Sandoval* and *Molineux* decisions, defendant decided to plead guilty to murder in the second degree and criminal possession of a weapon in the third degree in satisfaction of these indictments, as well as a third indictment charging him with assault in the second degree. Pursuant to the terms of the plea agreement, defendant was to be sentenced to 25 years to life on the murder charge and three years on the weapon charge, to run consecutively. He also agreed to waive his right to appeal. Indeed, defendant pleaded guilty as agreed and waived his right to appeal, orally and in writing.

Prior to his scheduled sentencing, however, defendant moved to withdraw his plea claiming that he was innocent and that his "attorney encouraged [him] to take" the deal. When questioned by County Court at this time, defendant claimed that he did not recall anything about the incident on October 14, 2004, that he did not recall most of the details of his plea allocution and that he did not recall any of a presentence interview with a probation officer during which he boasted about his status as a drug dealer and in no way denied shooting the victim. Unpersuaded by defendant's claimed lack of memory and protestations of innocence, County Court denied the motion without a hearing and sentenced him pursuant to the agreement. Defendant appeals, and we now affirm.

We reject defendant's claim that County Court abused its discretion in denying his motion to withdraw his guilty plea. Defendant's precise claim that there was some confusion regarding the terms of the plea is particularly unavailing. During the plea colloquy, County Court clearly informed defendant that he was pleading guilty with the understanding that the court "will" sentence him to 25 years to life on the murder count and three years on the weapon count. This is precisely what occurred at sentencing. To the extent that County Court further advised defendant that the court would not be bound by the negotiated sentence if defendant got into additional trouble while awaiting sentencing, this admonishment was in all respects appropriate (*see e.g. People v Davis*, 30 AD3d 893, 894-895 [2006]), particularly since the third indictment charging defendant with assault arose out of a jailhouse incident. However, any alleged infirmity

or confusion concerning this particular admonishment is a red herring since, in fact, no enhanced sentence was imposed.

Next, County Court thoroughly questioned defendant regarding his willingness to enter into the plea agreement and his understanding of its consequences, including the rights that he would be relinquishing by doing so. Defendant's answers to every question posed by the court were unequivocal, giving no indication that he did not comprehend any aspect of the plea agreement, that he was being coerced into entering into it or that he had no recollection of the events in question. Under these circumstances, we are satisfied that the plea was voluntary (*see e.g. People v Cherry*, 12 AD3d 949 [2004], *lv denied* 4 NY3d 797 [2005]; *People v Deere*, 8 AD3d 763, 763-764 [2004], *lv denied* 3 NY3d 673 [2004]; *People v Lane*, 1 AD3d 801, 802-803 [2003], *lv denied* 2 NY3d 742 [2004]; *People v Terry*, 300 AD2d 757 [2002], *lv denied* 99 NY2d 620 [2003]). Additionally, defendant's claims of coercion by his attorney and innocence were wholly unsubstantiated and therefore provided no basis upon which to vacate the plea (*see People v Davis, supra* at 895; *People v Gibson*, 261 AD2d 710, 711 [1999]; *People v Davis*, 250 AD2d 939, 940 [1998]; *People v Brown*, 126 AD2d 898, 900-901 [1987], *lv denied* 70 NY2d 703 [1987]).

Finally, to the extent that defendant's claim of ineffective assistance of counsel impacts the voluntariness of his plea, it is not encompassed by his waiver of the right to appeal (*see e.g. People v Russo*, 8 AD3d 903, 904 [2004], *lv denied* 3 NY3d 681 [2004]). Nevertheless, we are unpersuaded with the contention. Defendant was exposed to a significantly higher sentence than he received as part of the plea bargain and there is no indication in the record that his counsel was otherwise ineffective (*see People v Jones*, 18 AD3d 964, 965 [2005], *lv denied* 5 NY3d 790 [2005]; *People v Scott*, 12 AD3d 716, 717-718 [2004]; *People v Terry, supra* at 758).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.