■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PENNY KELLY, Appellant. [718 NYS2d 906] —Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 3, 1999, convicting defendant upon her plea of guilty of the crime of attempted sale of a controlled substance in the third degree.

Defendant pleaded guilty to a reduced charge of attempted criminal sale of a controlled substance in the third degree and was sentenced as a second felony offender to a prison term of 3½ to 7 years. Defendant now argues that the sentence was harsh and excessive, especially given her drug and alcohol addiction and her expression of remorse. In light of defendant's criminal history and the fact that the sentence was in accordance with the plea agreement, we find no reason to disturb the sentence imposed (*see, People v Oliver*, 251 AD2d 749; *People v Williams*, 238 AD2d 633, *lv denied* 90 NY2d 866).

Cardona, P. J., Mercure, Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANETTE M. MEDINILLA, Appellant. [718 NYS2d 907] —Appeal from judgment of the County Court of Broome County (Smith, J.), rendered January 3, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

Upon her plea of guilty of the crime of scheme to defraud in the first degree, defendant was sentenced to five years of probation and ordered to pay restitution. Less than one month later, a violation of probation report was filed alleging that defendant had been charged with a number of new crimes. Defendant entered a plea of guilty of violating a condition of her probation and she was ultimately sentenced to an indeterminate prison term of 1⅓ to 4 years. Although defendant challenges the sentence as being unduly harsh and excessive, our review of the record reveals neither an abuse of discretion on the part of County Court nor any extraordinary circumstances warranting our intervention (*see, People v Corpin*, 269 AD2d 622, *lv denied* 95 NY2d 795). Defendant has a substantial history of criminal conduct and an inability to abide by the conditions of probation. Her belated claim of mental illness and addiction is unsupported by the record despite the opportunity to substantiate the claim afforded by the court.

Mercure, J. P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.