■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RAMIREZ, Appellant. [728 NYS2d 794] —Cardona, P. J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered November 26, 1999, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was placed on five years' probation following his plea of guilty to criminal possession of a weapon in the third degree. Thereafter, he was arrested on charges that he had violated the terms of his probation. Defendant admitted the charged violations with the understanding that County Court was not bound by a joint recommendation of defense counsel and the prosecutor that he be sentenced to six months in jail and continued probation, together with a waiver of his right to appeal. At sentencing, County Court rejected the joint recommendation and sentenced defendant to an indeterminate prison term of 1 to 4 years. Defendant appeals.

Initially, we are unpersuaded by the People's contention that defendant waived his right to appeal the severity of his sentence. While there is no question that a waiver of the right to appeal was mentioned briefly in the context of the joint sentencing recommendation ultimately rejected by County Court, there is no indication from this record that defendant made a knowing, intelligent and voluntary waiver of his right to appeal that encompassed any sentence that County Court chose to impose as opposed to the one described in the joint recommendation (*see, e.g., People v Lococo*, 92 NY2d 825).

Turning to defendant's challenge to the severity of his sentence, our review of the record reveals neither an abuse of discretion on the part of County Court nor any extraordinary circumstances warranting our intervention, despite the joint recommendation that he receive a more lenient sentence (*see,*

*People v Medinilla*, 279 AD2d 891). Given defendant's criminal history and inability to abide by the conditions of probation, we find no reason to disturb the sentence imposed, which was well within the permissible statutory range.

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.