■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH J. CARTWRIGHT, Appellant. [753 NYS2d 195] —Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered January 4, 2002, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant was sentenced as a second felony offender to a prison term of 5 to 10 years after pleading guilty to the crime of attempted criminal sale of a controlled substance in the third degree. He contends on this appeal that the sentence was harsh and excessive and requests that it be reduced in the interest of justice. We disagree. A sentence that falls within the permissible statutory guidelines will not be disturbed unless the sentencing court abused its discretion or there are extraordinary circumstances that would warrant modification in the interest of justice (see People v Carter, 267 AD2d 594, 595, lv denied 94 NY2d 917; People v Dolphy, 257 AD2d 681, 685, lv denied 93 NY2d 872). In this case, defendant's extensive criminal history, as well as the fact that his sentence was the anticipated outcome of a plea bargain agreement, militate against a reduction in his sentence (see People v Kelly, 279 AD2d 891, lv denied 96 NY2d 802; People v McGarry, 219 AD2d 744, lv denied 87 NY2d 848). The record discloses that defendant's criminal record spans over 30 years and includes 14 previous sentences of incarceration resulting from criminal convictions that include rape in the third degree, grand larceny, robbery in the third degree, attempted criminal possession of a weapon in the third degree and intimidating a victim/witness in the third degree. Under the circumstances presented here, the sentence imposed by County Court will not be disturbed.

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.