■ The People of the State of New York, Respondent, v Lewis E. Parker, Jr., Appellant. [758 NYS2d 846] —Cardona, P.J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered October 30, 1996, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (three counts) and endangering the welfare of a child.

Defendant's indictment on charges of criminal sale of a con-

trolled substance in the third degree (three counts), criminal possession of a controlled substance in the third degree (three counts) and endangering the welfare of a child arises from his separate sales of crack cocaine to an undercover police officer in the City of Plattsburgh, Clinton County. Following a competency hearing, County Court found him unfit to stand trial and committed him to a psychiatric facility. After several months of treatment, defendant was determined to be in partial remission and competent to stand trial. Following a jury trial, defendant was convicted as charged and sentenced, as a second felony offender, to consecutive prison terms of 5 to 10 years for each of the criminal sale counts, consecutive prison terms of 5 to 10 years for each of the criminal possession counts, to run concurrent with the sale counts, and a concurrent one-year jail term for the child endangerment conviction.

Defendant's sole contention on this appeal is that his sentence is harsh and excessive given the evidence of his ongoing mental illness. Nevertheless, defendant was found competent to stand trial (*see People v Rodney*, 245 AD2d 394, 395 [1997], *lv denied* 91 NY2d 929 [1998]) and, in light of his extensive criminal history and the nature of the subject crimes, we see no abuse of County Court's sentencing discretion nor extraordinary circumstancing warranting modification in the interest of justice (*see People v Cartwright*, 301 AD2d 682 [2003]; *People v Carter*, 267 AD2d 594, 595 [1999], *lv denied* 94 NY2d 917 [2000]; *People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]; *see also* CPL 470.15 [6] [b]).

Mercure, Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.