Cardona, EJ.
Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered July 17, 2002, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant, an inmate, was charged in an indictment with two counts of assault in the second degree stemming from his attack of a correction officer. Pursuant to a plea agreement, defendant pleaded guilty to the first count and was sentenced as a second violent felony offender to a determinate prison term of seven years. On appeal, defendant contends that his guilty plea was not voluntarily made and the sentence is harsh and excessive.
Initially, we note that since defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction, his challenge to the voluntariness of his plea is unpreserved for our review (see People v De Berardinis, 304 AD2d 914, 915 [2003]; People v Fulford, 296 AD2d 661, 662 [2002]). Nevertheless, the record demonstrates that County Court fully explained *718 the rights being surrendered and defendant acknowledged the abandonment of those rights. Defendant stated that he had not been threatened, was entering the plea under his own free will, had discussed the ramifications of his plea with counsel and did strike a correction officer as charged. Accordingly, were the merits properly before us, we would conclude that defendant’s plea was knowingly, voluntarily and intelligently made (see People v Allen, 301 AD2d 874, 875 [2003], lv denied 99 NY2d 652 [2003]; People v Young, 301 AD2d 754, 754 [2003], lv denied 99 NY2d 634 [2003]; People v Teague, 295 AD2d 813, 814 [2002], lv denied 98 NY2d 772 [2002]). Additionally, we are unpersuaded by defendant’s claim that his guilty plea was compromised by his attorney’s alleged guarantee that the plea would forestall a civil suit against him. Defendant stated during his allocution that, except for the recommended sentence, absolutely no promises had been made to him. Thus, the record does not support his contention.
We are equally unpersuaded that the sentence imposed was harsh and excessive. Given defendant’s lengthy criminal history, the fact that the agreed-upon sentence was the result of a beneficial plea bargain and the absence of extraordinary circumstances warranting modification in the interest of justice, we find no basis to disturb the sentence imposed (see People v Cartwright, 301 AD2d 682 [2003]; People v Bell, 290 AD2d 729, 730 [2002]; People v Kelly, 279 AD2d 891 [2001], lv denied 96 NY2d 802 [2001]).
Mercure, Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.