— Appeal from a judgment of the County Court of Washington County (Mc-Keighan, J.), rendered August 17, 2007, convicting defendant upon his plea of guilty of the crimes of falsely reporting an incident in the first degree (two counts) and placing a false bomb or hazardous substance in the first degree.
While incarcerated at Great Meadow Correctional Facility in Washington County, defendant sent a number of threatening letters to public officials. As a result, he was charged in two indictments with numerous crimes, including multiple counts of falsely reporting an incident in the first degree. He pleaded guilty to two counts of falsely reporting an incident in the first degree in satisfaction of these charges. Under the terms of the plea agreement, he was to be sentenced to concurrent prison terms of six years, to be followed by five years of postrelease supervision. Prior to sentencing, however, defendant was charged in a third indictment with additional crimes, including placing a false bomb or hazardous substance in the first degree. He pleaded guilty to this crime in satisfaction of the additional charges and was to be sentenced under the plea agreement to six years in prison, to be followed by five years of postrelease supervision, with the sentence to run concurrent with the sentence for the other two crimes but consecutive to the prison term he was then serving. Defendant was subsequently sentenced as a second felony offender in accordance with the plea agreement. He now appeals.
Defendant asserts that the sentence imposed is harsh and excessive. We disagree. Given the bizzare and disturbing nature of defendant’s conduct and his lengthy criminal record, we find no abuse of discretion nor extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Booker, 53 AD3d 697, 704 [2008]). Defendant’s mental problems do not mitigate the severity of his conduct (see People v Masters, 36 AD3d 959, 960-961 [2007], lv denied 8 NY3d 925 [2007]). In any event, the professionals who evaluated him as part of the CPL article 730 psychiatric examination certified his competency (see People v Parker, 305 AD2d 871, 872 [2003], lv denied 100 NY2d 597 [2003]). Therefore, we decline to disturb the sentence.
Peters, J.P, Rose, Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.