Appeal from a judgment of the County Court of Ulster County (Teresi, J.), rendered March 19, 2009, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree. Under the terms of the plea agreement, he was to be sentenced as a second felony offender to five years in prison, to be followed by three years of postrelease supervision. He was sentenced accordingly and he now appeals.
Defendant asserts that the sentence imposed is harsh and *1142 excessive. While a valid waiver of the right to appeal precludes a defendant from raising such a claim (see People v Singh, 73 AD3d 1384, 1385 [2010]; People v Glynn, 73 AD3d 1290, 1292 [2010]), we do not find that the waiver made by defendant here was valid. Notably, when the plea agreement was initially presented, the waiver was not referenced even though County Court specifically asked the parties if the recitation constituted the full agreement. In addition, although defendant gave an affirmative response when asked if he waived his right to appeal, the record does not indicate that he fully understood this right, that County Court comprehensively explained its nature as separate and distinct from the other rights defendant was waiving, or that defendant discussed the issue with counsel. Therefore, the waiver was not knowing, voluntary and intelligent (see People v Middleton, 72 AD3d 1336, 1337 [2010]; see also People v Lopez, 6 NY3d 248, 256-257 [2006]).
Nevertheless, we find no merit to defendant’s claim that his sentence was harsh and excessive. Defendant has a lengthy criminal record, and he was apprehended while selling 28 envelopes of heroin to an undercover police officer. In view of this, and given that he was sentenced in accordance with the terms of the plea agreement, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Cartwright, 301 AD2d 682 [2003]).
Mercure, J.E, Spain, Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.