■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN KLUCK, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Sharpe, J.), rendered December 1, 1982, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the conviction of criminal possession of a weapon in the fourth degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, the judgment is affirmed.

The defendant was indicted as a result of his involvement in an altercation over a parking space, during which he and his codefendant attacked and seriously injured the complainant. The defendant contends that his guilt of assault in the first degree was not proven beyond a reasonable doubt; we find this contention to be without merit. After viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference, any rational trier of fact could have found the essential elements of the crime of assault in the first degree beyond a reasonable doubt *(see, People v Giuliano,* 65 NY2d 766; *People v Castillo,* 47 NY2d 270).* Nor do we find that the verdict on that count was contrary to the weight of the evidence *(see,* CPL 470.15 [5]). It is well settled that the credibility of witnesses and the weight afforded each item of evidence is within the province of the jury, and its determination will not be disturbed lightly on appeal *(see, People v Gruttola,* 43 NY2d 116; *People v Bigelow,* 106 AD2d 448; *People v Rosenfeld,* 93 AD2d 872).

However, in light of this court's recent decision concerning the codefendant in this case with whom the defendant was jointly tried *(see, People v Sweeney,* 122 AD2d 177), we have chosen to exercise our interest of justice jurisdiction with regard to the instant defendant's conviction for criminal possession of a weapon in the fourth degree. The defendants' first trial had ended in a mistrial when the jury could not agree on a verdict. As we noted in *People v Sweeney (supra,* at 178), all four of the weapons possession charges in the indictment had been dismissed at the close of the People's case at the first trial; however, the defendant and his codefendant were retried on *all* counts of the indictment. With regard to the instant defendant, we conclude, as in *Sweeney,* that the trial court's refusal to present the weapons possession charges to the jury at the first trial warrants the inference that they were dismissed for insufficient evidence, and therefore the defendant should not have been retried on those charges *(see,* CPL 310.60

[2]). Although the defendant has failed to raise this issue on appeal, we nonetheless hold that, in the interest of justice, the defendant's conviction for criminal possession of a weapon in the fourth degree should be reversed and that count dismissed. Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.