■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN E. KLUCK, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chenango County (Dowd, J.), rendered September 9, 1988, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.

Defendant was charged in an indictment with robbery in the first degree, robbery in the third degree and grand larceny in the fourth degree, all relating to a knifepoint holdup of a gasoline station in the Village of Sherburne, Chenango County. Defendant pleaded guilty to robbery in the third degree in full satisfaction of the indictment. The plea bargain included a prison sentence of 3½ to 7 years, to run consecutive to any time owed on a prior felony sentence on which defendant was on parole and facing revocation because of the instant offense.

The main argument on appeal is whether defendant could properly be treated as a second felony offender. The predicate felony was a 1982 conviction for assault in the first degree. That conviction had been affirmed on appeal by the Second Department, but a related weapons charge was dismissed (see, People v Kluck, 131 AD2d 590). Defendant now contends that since the weapons charge was dismissed, the conviction for assault involving the use of a weapon is inconsistent. The record does not indicate the facts and circumstances of the 1982 conviction, but from a review of the prior appeal (supra) it appears that several weapons charges were dismissed at the close of the People's case in the first trial. However, defendant and his codefendant were retried on all counts of the indictment. The Second Department held that the weapons charges could not be revived on the second trial and dismissed the one weapons charge upon which defendant had been convicted on the basis of its decision in the companion case (see, People v Sweeney, 122 AD2d 177) and in the interest of justice. Nevertheless, we find that the conviction is not necessarily inconsistent since assault in the first degree can be committed by means of a weapon or a dangerous instrument (see, Penal Law § 120.10 [1]).

We further hold that defendant's present challenge to the validity of the predicate felony conviction is without merit. The record shows compliance with CPL 400.21 and with the requirements for enhanced sentencing (see, People v Gonzalez, 61 NY2d 586, 592). Defendant acknowledged receipt of a predicate felony statement and certified copy of a certificate of disposition and was asked, "Does [defendant] admit or deny or does he seek to contest the validity of that Predicate Felony statement?" His attorney remained silent before sentence was imposed, but defendant stated that "we had an agreed upon plea, and I'm willing to go with that". Defendant did more than admit he had a prior felony conviction; he admitted guilt and acknowledged that the prior conviction would be used by

County Court in determining the sentence *(see, People ex rel. Colon v Reid,* 70 AD2d 893). He was fully represented at all times and was provided with opportunities to challenge the use of the prior felony in determining the sentence *(see, People v Carmello,* 114 AD2d 965, 966). On this record, we conclude that there has been substantial compliance with CPL 400.21 permitting defendant to be sentenced as a second felony offender *(cf., People v Snyder,* 105 AD2d 553, 554). Further, it is significant that at no time did defendant move to withdraw his guilty plea *(see, People v Herrington,* 136 AD2d 871, 872, *lv denied* 71 NY2d 1028).

Finally, we find unpersuasive the contention in defendant's *pro se* brief that the sentence imposed was harsh and excessive.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Levine and Mercure, JJ., concur.