■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FORD, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered April 27, 1989, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant was convicted of criminal sale of a controlled substance in the third degree, a class B felony, and was sentenced to a prison term of 6 to 12 years as a predicate felon. He also pleaded guilty to two other unrelated felonies, assault in the second degree, a class D felony, and intimidating a witness in the third degree, a class E felony. On April 27, 1989, as part of the package plea bargain which included the sentence on the drug sale charge, defendant received concurrent sentences of 3 to 6 years on the assault charge and 1½ to 3 years on the witness intimidation charge.

On this appeal, defendant has challenged the sentence for the criminal sale of a controlled substance conviction. Defendant contends that County Court failed to inquire if he wished to controvert the allegations as provided in CPL 400.21. At sentencing, the court and defendant were provided a statement pursuant to CPL 400.21 charging that he had been previously convicted of attempted robbery in the first degree on March 26, 1985 within this State, which constituted a predicate felony. When asked if this was true, defendant readily admitted the same. Immediately thereafter, and on several subsequent instances, defendant and his counsel were

both given the opportunity to say anything they wanted. No objection was registered by either defendant or his counsel. There was some discussion about withdrawal of the plea on the assault and intimidation charges, but defendant ultimately decided to plead guilty to these charges as well. On this record, there has been substantial compliance with the statute which provides that the sentencing court must inquire if the defendant controverts the prior felony *(see, People v Santana,* 104 AD2d 677, 678). In addition, the totality of the circumstances demonstrates that the compliance with CPL 400.21 has been substantial and that the challenge should be rejected *(see, People v Kluck,* 156 AD2d 830).

Finally, defendant contends that the sentence is harsh and excessive. County Court was presented with a criminal record which included two other serious crimes to which defendant had pleaded guilty and for which he was to receive concurrent sentences. The grounds urged for leniency or mitigation fail to demonstrate any positive or exceptional circumstances. Moreover, prior attempts at rehabilitation have been unavailing. Accordingly, there has been no showing of abuse of County Court's discretion in sentencing *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.