■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD BARTON, Respondent. [606 NYS2d 842] —Crew III, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered May 25, 1993, which granted defendant's motion pursuant to CPL 440.20 to set aside the sentences following his conviction of the crimes of robbery in the second degree and sexual abuse in the first degree, without a hearing.

Defendant moved to vacate his negotiated sentence on the ground that his prior out-of-State felony conviction did not qualify as a predicate felony under applicable New York law. County Court granted the motion and this appeal ensued. We reverse.

At the time of sentencing, defendant was advised of his right to controvert the predicate felony statement filed by the People, including his right to challenge the constitutionality of the prior conviction. His failure to controvert the use of that prior conviction, or request a hearing in regard thereto, constitutes a waiver of his right to challenge that conviction and its validity *(see, People v Andre,* 132 AD2d 560, *lv denied* 70 NY2d 797; *People v Banks,* 117 AD2d 611, *lv denied* 67 NY2d 939).

In addition, the mistake of defendant's counsel, if it indeed was a mistake, in not challenging the predicate felony statement does not rise to the level of ineffective assistance of counsel *(cf., People v Modica,* 64 NY2d 828). Counsel negotiated a plea which substantially reduced defendant's exposure to a much more lengthy term of imprisonment *(see, People v Nicholls,* 157 AD2d 1004). Defendant was faced with the specter of consecutive sentences on class B and class D felonies in Broome County, as well as a consecutive sentence on an unrelated felony in Onondaga County. It is quite likely that defense counsel considered whether a challenge to the out-of-State conviction would have been successful and whether such a challenge was strategically advisable. In negotiating the plea in question, it cannot be said that defense counsel did not provide meaningful representation *(see, People v Baldi,* 54 NY2d 137).

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur.

Ordered that the order is reversed, on the law, motion denied and sentence reinstated.