■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS W. POLANCO, Appellant. [648 NYS2d 56] —Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered November 18, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of the said court, entered August 1, 1995, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

Defendant, who pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced as a second felony offender to a prison term of 4¹/₂ to 9 years, now claims that County Court improperly adjudicated him as a second felony offender. On the day of the plea allocution, the People filed a statement pursuant to CPL 400.21 charging that defendant previously had been convicted within this State of criminal possession of a weapon in the third degree, which constituted a predicate felony. At the plea allocution, defendant unequivocally indicated that he understood that he was pleading guilty to the instant crime as a second felony offender in light of that prior conviction and that he in fact committed said prior crime. Notably defendant, who was represented by counsel and consulted with him, raised no challenge to County Court's consideration of his prior conviction and, at the time of sentencing, made no objection to being sentenced as a second felony offender. Under these circumstances, we find that there was substantial compliance with CPL 400.21 (*see, People v Ford*, 157 AD2d 992, *lv denied* 75 NY2d 919).

Crew III, J. P., White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.