THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK RUSSELL, Appellant. [652 NYS2d 681] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance in the third degree. There is no merit to the contention of defendant that the police lacked probable cause to arrest him and that County Court therefore erred in denying his motion to suppress the cocaine that fell to the ground from his pant leg during a search of his person (*see, People v Washington,* 87 NY2d 945, 946-947; *People v McRay,* 51 NY2d 594). The hearing testimony establishes that a police officer assigned to the narcotics unit directed a confidential informant to go to a street corner and attempt to make a purchase of either cocaine or marihuana from one of the males loitering at the corner. The officer personally observed a drug transaction between defendant and the confidential informant. Thereafter, that officer communicated to the arresting officer information regarding the drug sale and a detailed description of the seller and his location. The arresting officer, acting on the strength of the information and detailed description given by his fellow officer, arrested defendant. Based upon the hearing testimony of the police officers, we conclude that the court's determination is supported by the record and should not be disturbed.

By failing to controvert the allegations in the second felony offender statement at the time of sentencing, defendant has failed to preserve for our review his contention that he was improperly sentenced as a second felony offender (*see, People v Smith,* 73 NY2d 961, 962-963; *People v Gessner,* 188 AD2d 1079, *lv denied* 81 NY2d 1073).

Lastly, we conclude that the sentence is neither unduly

harsh nor severe. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.