■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CRIPPA, Appellant. [666 NYS2d 781] —Cardona, P. J. Appeals (1) from a judgment of the County Court of Schenectady County (Eidens, J.), rendered March 28, 1995, convicting defendant upon his plea of guilty of three counts of the crime of burglary in the third degree, and (2) by permission, from two orders of said court, entered August 5, 1995 and July 29, 1996,

which denied defendant's motions pursuant to CPL 440.20 to set aside the sentence following his conviction, without a hearing.

Defendant pleaded guilty to three counts of burglary in the third degree in satisfaction of 13 charges contained in two superior court informations and multiple other pending charges. He was sentenced as a second felony offender to an aggregate prison term of 7 to 14 years based upon a prior out-of-State felony conviction. Defendant moved pursuant to CPL 440.20 to set aside the sentence on the ground that he was improperly adjudicated a second felony offender. County Court denied the motion. Thereafter, defendant made a second motion pursuant to CPL 440.20 to set aside the sentence based upon ineffective assistance of counsel which was also denied. Defendant appeals from the judgment of conviction and the orders denying his CPL 440.20 motions.

At sentencing, County Court informed defendant of his right to challenge the constitutionality of the out-of-State conviction and the factual information contained therein. Defendant, who was represented by counsel and consulted with him, declined to challenge the predicate felony statement and made no objection to being sentenced as a second felony offender. Notwithstanding defendant's contention to the contrary, we find that County Court adequately apprised him of his right to challenge the prior out-of-State conviction (*see*, CPL 400.21; *see generally*, *People v Polanco*, 232 AD2d 674). Furthermore, we find no error in County Court's denial of defendant's motion to vacate the sentence on the ground that his prior out-of-State felony conviction did not qualify as a predicate felony under applicable State law. Defendant waived his right to challenge the use of the prior conviction and its validity by failing to controvert the use thereof or request a hearing thereon (*see*, *People v Barton*, 200 AD2d 888, *lv denied* 83 NY2d 849; *People v Andre*, 132 AD2d 560, *lv denied* 70 NY2d 797; *see also*, *People v Shriay*, 240 AD2d 783; *People v Russell*, 234 AD2d 979, *lv denied* 89 NY2d 988; *cf.*, *People v Stinson*, 151 AD2d 842).

We also reject defendant's claim of ineffective assistance of counsel. Defense counsel's failure to challenge the predicate felony statement does not establish that counsel was ineffective (*see*, *People v Barton*, *supra*; *see also*, *People v Nadal*, 240 AD2d 595, 596). Viewed in totality, defense counsel provided meaningful representation by negotiating a favorable plea bargain that substantially reduced defendant's exposure to a more lengthy prison term (*see*, *People v Baldi*, 54 NY2d 137, 147; *People v Barton*, *supra*).

Crew III, White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment and orders are affirmed.