■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JACKSON, Appellant. [732 NYS2d 524] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), and other crimes. We reject the contention of defendant that County Court erred in denying his motion to suppress statements that he made to police because he was intoxicated when he made those statements. Although there was evidence that defendant may have been under the influence of a drug during police questioning, there was no evidence that defendant " 'was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements' " (*People v Schompert*, 19 NY2d 300, 305, *cert denied* 389 US 874; *see, People v Nenni*, 269 AD2d 785, 786, *lv denied* 95 NY2d 801).

We reject the further contention of defendant that the police lacked probable cause to arrest him. The arresting officers had set up a drug buy, and the confidential informant who was to purchase the heroin from defendant was under surveillance during the transaction. Although the arresting officers did not see the actual drug transaction, they properly arrested defendant after being informed by another officer that the confidential informant possessed the heroin that he had been sent to purchase from defendant (*see, People v Russell*, 234 AD2d 979, *lv denied* 89 NY2d 988). Finally, by pleading guilty, defendant waived his Present contention that the court erred in denying his severance motion (*see, People v Cotton*, 219 AD2d 836, *lv denied* 87 NY2d 900). (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.