# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

462

KA 15-01785

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MICHAEL D. JOHNSON, DEFENDANT-APPELLANT.

---

ANTHONY J. LANA, BUFFALO, FOR DEFENDANT-APPELLANT.

NIAGARA COUNTY DISTRICT ATTORNEY'S OFFICE, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered July 15, 2013. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of rape in the first degree (Penal Law § 130.35 [4]), defendant contends that his sentence is unduly harsh and severe. We conclude that defendant knowingly, voluntarily, and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), and that valid waiver encompasses his challenge to the severity of the sentence (*see generally People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737). During the plea colloquy, County Court made clear to defendant that the right to appeal was separate and distinct from the other rights that are automatically forfeited upon a plea of guilty (*see People v Rausch*, 126 AD3d 1535, 1535, *lv denied* 26 NY3d 1149; *cf. People v VanHooser* [appeal No. 2], 126 AD3d 1531, 1532), and the court further explained that the waiver precluded defendant from challenging either the conviction or the severity of his sentence (*cf. People v Maracle*, 19 NY3d 925, 928). In any event, based on our review of the record, we perceive no basis upon which to modify the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]).

Entered: June 17, 2016                    Frances E. Cafarell
                                          Clerk of the Court