People v Lollie (2022 NY Slip Op 02679)

People v Lollie

2022 NY Slip Op 02679

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.

262 KA 20-01576

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CJ LOLLIE, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered August 26, 2020. The judgment convicted defendant upon his plea of guilty of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that his waiver of the right to appeal is invalid, that he was improperly sentenced as a second felony offender, and that his negotiated sentence is unduly harsh and severe. We conclude that, during the plea colloquy, Supreme Court "made clear to defendant that the right to appeal was separate and distinct from the other rights that are automatically forfeited upon a plea of guilty" (People v Johnson, 140 AD3d 1738, 1738 [4th Dept 2016]) and specifically informed defendant that the waiver of the right to appeal precluded him from challenging the severity of the bargained-for sentence (see People v Lopez, 6 NY3d 248, 255-256 [2006]; cf. People v Maracle, 19 NY3d 925, 928 [2012]; People v Fowler, 134 AD3d 1529, 1530 [4th Dept 2015], lv denied 27 NY3d 996 [2016]). Consequently, defendant knowingly, voluntarily, and intelligently waived the right to appeal (see generally Lopez, 6 NY3d at 256), and the valid waiver encompasses his challenge to the severity of the sentence (see generally People v Lococo, 92 NY2d 825, 827 [1998]; People v Hidalgo, 91 NY2d 733, 737 [1998]).
With respect to defendant's contention that he was improperly sentenced as a second felony offender, the People correctly concede that a challenge to the legality of the sentence is not foreclosed by the valid waiver of the right to appeal (see Lopez, 6 NY3d at 255; People v Lopez, 164 AD3d 1625, 1625 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]).
Defendant contends that he was improperly sentenced as a second felony offender because the federal predicate conviction is not the equivalent of a New York felony, but he failed to preserve that contention for our review (see People v Wingfield, 181 AD3d 1253, 1254 [4th Dept 2020], lv denied 35 NY3d 1050 [2020], reconsideration denied 35 NY3d 1098 [2020]), and it does not fall within the narrow exception to the preservation rule that applies "when a sentence's illegality is readily discernible from the trial record" (People v Santiago, 22 NY3d 900, 903 [2013]). Indeed, the record submitted to this Court is insufficient to determine whether the federal conviction is the equivalent of a New York felony. Inasmuch as, under these circumstances, "[a] CPL 440.20 motion is the proper vehicle for raising a challenge to a sentence as 'unauthorized, illegally imposed or otherwise invalid as a matter of law' (CPL 440.20 [1]), and a determination of second felony offender status is an aspect of the sentence" (People v Jurgins, 26 NY3d 607, 612 [2015]), we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see Wingfield, 181 AD3d at 1254; cf. People v Hall, 149 AD3d 1610, 1610 [4th Dept 2017]).
Defendant also contends that he was improperly sentenced as a second felony offender because the predicate felony offender statement failed to include the requisite tolling periods. Defendant, however, failed to preserve that contention and it is not reviewable under the narrow illegal sentence exception to the preservation requirement because the illegality of the sentence is "not 'readily discernible from the trial record' " (People v Lashley, 37 NY3d 1140, 1141 [2021]).
Defendant further failed to preserve for our review his contention that he was not properly sentenced as a second felony offender because the court failed to inform him of his right to contest the predicate conviction (see People v Manigault, 145 AD3d 1428, 1430 [4th Dept 2016], lv denied 29 NY3d 950 [2017]; People v Irvin, 111 AD3d 1294, 1296-1297 [4th Dept 2013], lv denied 24 NY3d 1044 [2014], reconsideration denied 26 NY3d 930 [2015]; see generally CPL 400.21 [3]). In any event, that contention lacks merit. Defendant acknowledged his prior conviction and we conclude that "the record establishes that defendant had an opportunity to controvert the allegations in the second felony offender statement but did not do so" (Manigault, 145 AD3d at 1430; see Irvin, 111 AD3d at 1297; cf. People Davis [appeal No. 1], 226 AD2d 1081, 1081 [4th Dept 1996], lv denied 88 NY2d 935 [1996]).
Finally, we reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to raise any challenge to the predicate felony offender statement (see People v Barton, 200 AD2d 888, 888 [3d Dept 1994], lv denied 83 NY2d 849 [1994]; see also People v Crippa, 245 AD2d 811, 812 [3d Dept 1997], lv denied 92 NY2d 850 [1998]). Here, defense counsel negotiated a plea that "substantially reduced defendant's exposure to a much more lengthy term of imprisonment" (Barton, 200 AD2d at 888). We conclude that "[i]n negotiating the plea in question, it cannot be said that defense counsel did not provide meaningful representation" (id.; see generally People v Baldi, 54 NY2d 137, 146-147 [1981]).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court