People v Cofield (2023 NY Slip Op 02017)

People v Cofield

2023 NY Slip Op 02017

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-05377 
2021-05528
2021-05531

[*1]The People of the State of New York, respondent,
v
Kawand Cofield, appellant. (Ind. Nos. 48/19, 1086/19, 1256/19) 

Thomas R. Villecco, Jericho, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Judith R. Sternberg, Kelly Gans, and David Glovin of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from three judgments of the County Court, Nassau County (Terence P. Murphy, J.), all rendered January 15, 2020, convicting him of criminal possession of a controlled substance in the third degree under Indictment No. 48/19, criminal possession of a weapon in the second degree under Indictment No. 1086/19, and criminal possession of a weapon in the second degree under Indictment No. 1256/19, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant pleaded guilty to criminal possession of a controlled substance in the third degree and two counts of criminal possession of a weapon in the second degree. He was sentenced, as a second violent felony offender, to a negotiated term of imprisonment.
Contrary to the People's contention, the defendant's valid appeal waiver does not preclude appellate review of his contention that the sentences were illegal due to the People's failure to establish the requisite tolling periods to bring the defendant's prior felony conviction within the applicable 10-year period (see Penal Law § 70.04[1][b][iv]-[v]; People v Joseph, 167 AD3d 776, 776-777; accord People v Lollie, 204 AD3d 1430, 1431; People v Soto, 138 AD3d 533, 534; People v Parker, 121 AD3d 1190, 1190).
The People are correct, however, in their contention that the issue is not preserved for appellate review (see People v Lashley, 37 NY3d 1140, 1141; People v Spencer, 165 AD3d 706, 707; accord People v Lollie, 204 AD3d at 1431; People v Parker, 121 AD3d at 1190). The defendant's contention is "not reviewable under the narrow illegal sentence exception to the preservation requirement because it was not readily discernible from the trial record that the sentence[s] the court imposed [were] not within the permissible range" (People v Lashley, 37 NY3d at 1141 [internal quotation marks omitted]; see People v Nieves, 2 NY3d 310, 315-316; see also People v Santiago, 22 NY3d 900, 903; People v Samms, 95 NY2d 52, 56-58; People v Martinez, 130 AD3d 1087, 1088). We decline to reach the issue in the exercise of our interest of justice jurisdiction.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court