People v Linda R.M. (2025 NY Slip Op 01755)

People v Linda R.M.

2025 NY Slip Op 01755

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, DELCONTE, AND HANNAH, JJ.

778 KA 23-00572

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LINDA R.M., DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE K. CALLANAN, ACTING DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered January 5, 2023. The judgment convicted defendant, upon her plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). We affirm.
We reject defendant's contention that her waiver of the right to appeal is invalid. Here, the oral waiver colloquy, which followed the appropriate model colloquy, establishes that defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Yeara, 227 AD3d 1517, 1518 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]; People v Clark, 221 AD3d 1550, 1550-1551 [4th Dept 2023]; see generally People v Lopez, 6 NY3d 248, 256 [2006]). That valid waiver encompasses defendant's challenge to the severity of her sentence (see People v Lollie, 204 AD3d 1430, 1431 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]).
Defendant also contends that she was denied effective assistance of counsel because defense counsel did not request a hearing to determine whether defendant should receive an alternative sentence as a victim of domestic violence pursuant to Penal Law § 60.12. Here, however, the plea colloquy reflects that, as part of the plea negotiations, the parties considered and, in lieu of a hearing, agreed to a sentence commensurate with what defendant might be entitled to under the Domestic Violence Survivors Justice Act sentencing guidelines based upon anticipated supporting evidence. Defense counsel further represented on the record that he expressly discussed the specifics of the agreement with defendant and that she was in agreement with its terms. To the extent that defendant now contends that defense counsel was ineffective in negotiating the terms of the plea agreement, the issue involves facts outside the record on appeal and must be raised by way of a motion pursuant to CPL article 440 (see People v Nelson, 206 AD3d 1692, 1692-1693 [4th Dept 2022], lv denied 38 NY3d 1152 [2022]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court