People v Smith (2025 NY Slip Op 07321)

People v Smith

2025 NY Slip Op 07321

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-04479
 (Ind. No. 70627/21)

[*1]The People of the State of New York, respondent,
vLeslie Smith, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Michael Bierce, and Simcha Engelen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Eugene M. Guarino, J.), rendered May 24, 2022, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 257; People v Esson, 225 AD3d 786). Contrary to the defendant's contention, the Supreme Court adequately explained, and the defendant acknowledged that he understood, the separate and distinct nature of the waiver of the right to appeal (see People v Esson, 225 AD3d at 787; People v Headley, 197 AD3d 1329, 1330). The defendant's valid waiver of his right to appeal precludes appellate review of his challenges to the court's suppression determination (see People v Callejo, 237 AD3d 1218, 1219; People v Vidal, 233 AD3d 1055, 1055) and to the procedure used to adjudicate him a second felony offender (see People v Simpson, _____ AD3d _____, 2025 NY Slip Op 06735; People v Leon, 200 AD3d 717, 717; People v Meyers, 172 AD3d 1236, 1237; People v Rodriguez, 82 AD3d 794, 795).
To the extent the defendant contends that New York's predicate felony offender statutes are facially unconstitutional, that contention is not precluded by the appeal waiver (see People v Johnson, _____ NY3d _____, 2025 NY Slip Op 06528). However, that contention is unpreserved for appellate review (see CPL 470.05[2]; People v Hernandez, 43 NY3d 591, 597; People v Munoz, 237 AD3d 1110, 1111), and we decline to reach it in the exercise of our interest of justice jurisdiction (see People v Munoz, 237 AD3d at 1111).
CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court