People v McLean (2025 NY Slip Op 07411)

People v McLean

2025 NY Slip Op 07411

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2023-01613
 (Ind. No. 71046/21)

[*1]The People of the State of New York, respondent,
vFredrick McLean, appellant.

Patricia Pazner, New York, NY (Robert C. Langdon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, Jean M. Joyce, and Simcha Engelen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Riviezzo, J.), rendered January 31, 2023, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his waiver of the right to appeal was valid. Although much of the discussion of the waiver of his right to appeal took place after the defendant had admitted his guilt, the Supreme Court advised the defendant prior to his plea of guilty and admission of guilt that the appeal waiver was part of the bargained-for benefit the defendant received with his plea (see People v Thomas, 34 NY3d 545, 558; People v Victor, 235 AD3d 783; People v White, 234 AD3d 884). Further, the court confirmed that the defendant had discussed his appeal waiver with his counsel. Under the totality of the circumstances, including the defendant's execution of a written waiver of his right to appeal, and the defendant's age, experience, and background, his waiver was knowing, voluntary, and intelligent (see People v Sanders, 25 NY3d 337, 340; People v Bradshaw, 18 NY3d 257, 264).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his adjudication as a second felony offender is unconstitutional in light of Erlinger v United States (602 US 821) (see People v Esquivel, 100 AD3d 652, 652; People v Haynes, 70 AD3d 718, 719; cf. People v Cofield, 215 AD3d 882, 883).
The defendant's constitutional challenge to the State's firearm licensing scheme in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) is not precluded by his valid appeal waiver (see People v Johnson, _____ NY3d _____, _____, 2025 NY Slip Op 06528, *3). However, as the defendant failed to raise the constitutional challenge before the Supreme Court, it is unpreserved for appellate review (see CPL 470.05[2]; People v Johnson, _____ NY3d at _____, 2025 NY Slip Op 06528, *3-4; People v Cabrera, 41 NY3d 35, 42), and we decline to reach it in the exercise of our interest of justice jurisdiction.
DILLON, J.P., IANNACCI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court