People v Mejia (2026 NY Slip Op 00797)

People v Mejia

2026 NY Slip Op 00797

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
HELEN VOUTSINAS
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-05923

[*1]The People of the State of New York, respondent,
vCarlos Mejia, appellant. (S.C.I. No. 71301/23)

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Erin P. VanBuskirk of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Jerry M. Iannece, J.), rendered June 13, 2023, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Although it would have been better practice for the Supreme Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Callejo, 237 AD3d 1218, 1218; People v White, 234 AD3d 884, 884), the record reflects that the defendant was made aware of the People's demand for an appeal waiver before he agreed to plead guilty, as, among other things, he acknowledged that he had discussed the appeal waiver with his attorney and executed a written waiver of his right to appeal prior to the plea proceeding. Thus, it cannot be said that the defendant "received no material benefit from his appeal waiver" or that the appeal waiver "was a gratuitous, after-the-fact additional demand asserted after the bargain had already been struck" (People v White, 234 AD3d at 884-885 [internal quotation marks omitted]).
Moreover, contrary to the defendant's contention, the Supreme Court adequately explained, and the defendant acknowledged that he understood, that an appeal waiver is separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Bradshaw, 18 NY3d 257, 264; People v Batista, 167 AD3d 69, 73). The court also adequately explained, and the defendant acknowledged that he understood, the nature of the right to appeal and the consequences of waiving that right, and the court did not mischaracterize the nature or scope of the waiver (see People v Morao, 238 AD3d 1175, 1175; People v Sobers, 235 AD3d 908, 909). Under the circumstances presented, including, inter alia, the exemplary explanation of the right to appeal provided to the defendant, the court's delay in explaining the appeal waiver until after the defendant's factual allocution of the crime did not render the appeal waiver invalid (see People v Callejo, 237 AD3d at 1218-1219).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his adjudication as a second felony offender was unconstitutional in light of Erlinger v United States (602 US 821) and Apprendi v New Jersey (530 US 466), "since such a challenge implicates the Supreme Court's compliance with procedures to determine the defendant's predicate felony status, rather than the legality of the sentence itself" (People v Simpson, ___ AD3d ___, ___, 2025 NY Slip Op 06735, *1).
The defendant's contention that his sentence was illegal due to the People's failure to establish the requisite tolling period to bring the defendant's prior felony conviction within the applicable 10-year look back period is not preserved for appellate review because he failed to contest or controvert his status as a second felony offender before or at his sentencing (see People v Lashley, 37 NY3d 1140, 1141; People v Spencer, 165 AD3d 706, 707). Furthermore, this contention is "not reviewable under the narrow illegal sentence exception to the preservation requirement because it was not readily discernible from the trial record that the sentence[ ] the court imposed [was] not within the permissible range" (People v Cofield, 215 AD3d 882, 883 [internal quotation marks omitted]; see People v Lashley, 37 NY3d at 1141). We decline to reach the contention in the exercise of our interest of justice jurisdiction.
To the extent that the defendant contends that New York's predicate felony offender statutes are facially unconstitutional, that contention is not precluded by the appeal waiver (see People v Smith, ___ AD3d ___, 2025 NY Slip Op 07321). However, that contention is also unpreserved for appellate review (see CPL 470.05[2]; People v Hernandez, 43 NY3d 591, 597; People v Smith, ___ AD3d ___, 2025 NY Slip Op 07321), and we decline to reach it in the exercise of our interest in justice jurisdiction.
LASALLE, P.J., VOUTSINAS, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court